# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Kimberly Farley, on her own behalf and on behalf of those similarly situated, | ) ) ) | Case No. 1:22-cv-00468-UZ-JLW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Eye Care Leaders Holdings, LLC, | ) ) | |
| Defendant. | ) ) ) | |
| Chad Forrester, on his own behalf and on behalf of those similarly situated, | ) ) ) ) | Case No. 1:22-cv-00503-UA-JLW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Eye Care Leaders Holdings, LLC, | ) ) | |
| Defendant. | ) ) ) | |
| Kimberly Sandvig, on her own behalf and on behalf of those similarly situated, | ) ) ) | Case No. 1:22-cv-00502-UA-JLW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Eye Care Leaders Holdings, LLC, | ) ) | |
| Defendant. | ) ) ) | |

1

## PLAINTIFFS' MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Civil Procedure 42(a)(2) Plaintiffs Kimberly Farley, Chad Forrester, Kimberly Sandvig, , individually and on behalf of all others similarly situated, joined by Detrina Solomon, and Jeanne Byers, respectfully move for an order consolidating the actions *Solomon v. ECL Group, LLC,* No. 1:22-cv-00526-WO-LPA ("*Solomon* Action") and *Byers v. ECL Group, LLC,* 1:22-cv-00607-LCB-JLW ("*Byers* Action") (collectively "Related Actions") with the three above-captioned actions, which this Court consolidated on October 3, 2022 ("Consolidated Actions"). ECF No. 23.[1]

The Related Actions arise out of the same operative facts as the Consolidated Actions—a December 2021, targeted cyber-attack that allowed hackers to gain unauthorized access to Defendant's network, which maintains and stores personal identifying information ("PII") and personal health information ("PHI") (collectively "Sensitive Information") for millions of individuals (the "Data Breach"). The Related Actions assert similar facts and causes of action, define overlapping classes, and seek similar remedies against a common defendant doing business as "Eye Care Leaders."[2] To maximize efficiency, judicial economy, and the consistency of

---

[1] For comparison purposes, Plaintiff has attached the complaints from the three Consolidated Cases and the two Related Cases as follows: (1) **Exhibit 1**: *Farley v. Eye Care Leaders Holdings, LLC*, No. 1:22-cv-00468-UA-JLW, ("*Farley* Action"); (2) **Exhibit 2**: *Forrester v. Eye Care Leaders Holdings, LLC*, No. 1:22-cv-00503-UA-JLW, and ("*Forrester* Action"); (3) **Exhibit 3**: *Sandvig v. Eye Care Leaders Holdings, LLC*, No. 1:22-cv-00502-UA-JLW ("*Sandvig* Action"); (4) **Exhibit 4**: *Solomon v. ECL Group, LLC*, No. 1:22-cv-00526-WO-LPA ("*Solomon* Action"); (5) **Exhibit 5**: *Byers v. ECL Group, LLC*, 1:22-cv-00607-LCB-JLW ("*Byers* Action").

[2] Several entities do business as "Eye Care Leaders." Plaintiffs in the *Farley*, *Sandvig*, and *Forrester* actions named "Eye Care Leaders Holdings, LLC." Plaintiffs in *Solomon* and *Byers* Actions "ECL Group, LLC". Defense counsel for Eye Care Leaders in all actions arising from the Data Breach in this District (against both Eye Care Leaders Holdings, LLC and ECL Group, LLC) is Fox Rothschild, LLP.

forthcoming rulings, the Court should grant Plaintiffs' Motion and consolidate the Related Actions.

I.   **Background.**

Defendant ECL is a service provider of ophthalmology-specific Electronic Health Records ("EHR") or Electronic Medical Records ("EMR") and Practice Management software systems headquartered in Durham, North Carolina. *See generally* Exs. 1-5. According to ECL's website, it services over 9,000 physicians by providing its "comprehensive solutions" and "high-level Analytics and Benchmarking services to meet each practice's needs." *Id.* In December of 2021, ECL allowed a third party to gain unauthorized access to its computer systems housing sensitive consumer data, which reportedly exposed the Sensitive Information of millions of individuals. *Id*.

There are five class actions filed against ECL in this District for its failure to protect the Sensitive Information of individuals, the three Consolidated Actions pending before this Court, which were the first filed cases, and the two later-filed Related Actions, pending before Judge Osteen (the *Solomon* Action) and Judge Biggs (*Byers* Action). All cases seek relief from injuries suffered by patients as a result of ECL's failure to protect Plaintiffs' and Class Members' Sensitive Information. Plaintiffs learned they were victims of the Data Breach, and each decided to file their respective class actions following their receipt of Notice of Data Incident letters from their immediate healthcare providers as early as June of 2022.

The Related Actions are all putative class actions, filed on behalf of the same class of individuals, whose Sensitive Information was compromised by the Data Breach. Ex. 1, at ¶ 74; Ex. 2, at ¶ 82; Ex. 3, at ¶ 127; Ex. 4, at ¶ 73; Ex. 5, at ¶ 73. Based on the same common facts, the Related Actions allege that ECL's failures to ensure the adequacy of its networks and systems, and that class members' Sensitive Information was secured and protected, fell far short of its

obligations to those individuals and their reasonable expectations for data privacy, jeopardized the security of their personal and medical information, and put them at an imminent risk of fraud and identity theft. The Related Actions further allege that ECL's inadequate measures to ensure data privacy and data security resulted in the Data Breach, seek the same damages and relief, and assert largely similar counts on behalf of overlapping nationwide classes.

On August 2, 2022, Plaintiffs in the *Farley*, *Sandvig*, and *Forrester Actions* filed a Motion to Consolidate their related actions. Pls' Mot. to Consolidate, (ECF No. 6) ("Consolidation Motion"). On September 30, 2022, Plaintiffs in the *Farley*, *Sandvig*, and *Forrester* Actions filed a Notice of Related Cases as to the *Solomon* and *Byers Actions*. Pls' Notice of Related Cases, (ECF No. 22). On October 3, 2022, this Court granted the Consolidation Motion and consolidated the *Farley*, *Sandvig*, and *Forrester Actions* for pre-trial purposes pursuant to Federal Rule of Civil Procedure 42 (the "Consolidated Actions"). Order Granting Pls' Mot. to Consolidate, (ECF No. 23). The Court further ordered the parties to consult regarding the consolidation of any other related actions filed in, transferred to, or removed to this court and to promptly file a motion to consolidate as appropriate. *Id.*

Pursuant to this Court's Order, undersigned counsel has met and conferred with counsel for ECL and Plaintiffs' counsel in the *Solomon* and *Byers* Actions. Plaintiffs' counsel in all actions agree that the *Solomon* and *Byers* should be consolidated before this Court, and thus Solomon and Byers join the present motion. However, Defendant disagrees. Despite the fact that *Solomon* and *Byers* were filed **after** *Farley, Sandvig,* and *Forrester*, Defendant claims that those cases should not be consolidated because they are slightly ahead procedurally. But this is by Defendant's own doing. Plaintiffs' counsel in *Farley, Sandvig,* and *Forrester* each agreed to extend the responsive pleading deadlines in their cases, subject to this Court's approval pending consolidation. Yet, that

4

agreement was made with the understanding and agreement from counsel for Defendant that no other related cases would advance procedurally of the first-filed case (*Farley*) while the consolidation motion was pending. *See* Declaration of Gary M. Klinger attached hereto as **Exhibit 6**. In direct contradiction of that agreement, Defendant and its counsel curiously filed a motion to dismiss in the *Solomon* action pending before Judge Osteen despite seeking an extension of time to respond in three earlier filed actions pending consolidation. It is unclear why Defendant is seeking to have dispositive issues relative to this consolidated action decided by a different Judge in later-filed cases but one could easily interpret it as a case of 'judicial shopping.' Whatever the motive, deference should be given this Court presiding over the first-filed case and now consolidated and related cases. Accordingly, the motion for consolidation should be granted.

II. <u>Law.</u>

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). A district court has "broad discretion under Rule 42(a) to consolidate causes of action pending in the same district. *Oliver v. Butler,* No. 5:12-CT-3157, 2013 WL 3984413, at *2, (E.D.N.C. Aug. 1, 20130 (citing *A/SJ. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.,* 559 F.2d 928, 933 (4th Cir. 1977)). Upon a party's request to consolidate related actions, courts consider several factors:

> (1) the possibility of inconsistent adjudication of common factual and legal issues;
> (2) unnecessary burden on parties and witnesses created by separate cases;
> (3) judicial economy; and
> (4) additional time requirements and expenses resulting from separate trials.

*Pariseau v. Anodyne Healthcare Mgmt., Inc.,* No. CIV.A. 3:04-CV-630, 2006 WL 325379, at *2 (W.D.N.C. Feb. 9, 2006); *see e.g., In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369 (M.D.N.C. 2003)

5

(*citing Arnold v. Eastern Air Lines*, 681 F.2d at 193). By contrast, the reasons why cases should not be consolidated include: (1) prejudice to parties; (2) juror confusion; and (3) additional time requirements and expenses resulting from consolidation. *Id.* Courts have taken the view that consideration of judicial economy generally favors consolidation. *U.S. ex rel. Sprinkle Masonry, Inc. v. THR Enterprises, Inc.*, Nos. 2:14-cv-251, 2:14-cv-252, 2014 WL 4748527 (E.D. Va. Sept. 23, 2014), *citing Switzenbaum v. Orbital Science Corp.*, 187 F.R.D. 246, 248 (E.D. Va.1999). Each of these factors weighs in favor of consolidation.

### III. <u>Analysis.</u>

The Related Actions should be consolidated because: (1) they involve common questions of law and fact and the burdens, time, and expense factors all weigh in favor of consolidation; (2) the other factors articulated by the North Carolina district courts, including inconsistent adjudication of common factual and legal issues and judicial economy; favor consolidation; and (3) there is no prejudice or risk of confusion.

**A. The Related Actions Involve Common Questions of Law and Fact and The Burdens and Time and Expense Factors Weigh in Favor of Consolidation.**

The Related Actions involve common questions of law and fact supporting consolidation with the Consolidated Actions. Rule 42(a) permits consolidation if the cases involve a "common question of law or fact." The Fourth Circuit has found common questions of law or fact "clearly" exist when the cases are brought against the same defendants, rely on the same witnesses, allege the same misconduct, and are answered with the same defenses. *Harris v. L & L Wings,* 132 F.3d 978, 982 n.2 (4th Cir. 1997). However, the cases do not need to be identical for consolidation to be appropriate. Indeed, consolidation may be appropriate even if there are differences in claims and requests for relief between the cases. *Bess v. County of Cumberland, N.C.,* No. 5:11-cv-388-BR, 2011 WL 4809879, at *10 (E.D.N.C. Oct. 11, 2011).

6

Here, the Related Actions all name either Eye Care Leaders Holdings, LLC or ECL Group, LLC (both entities d/b/a as Eye Care Leaders) as the Defendant and assert claims related to the same, common factual allegations and legal theories. For example, the *Farley*, *Forrester*, and *Sandvig* complaints and the *Solomon* and *Byers* complaints include the following, overlapping questions of law and fact:

1. Whether Defendant had a duty to use reasonable care in safeguarding Plaintiffs' and the Class's PII and PHI. Ex. 1, at ¶ 76(e)(i); Ex. 2, at ¶ 86(a), (b); Ex. 3, at ¶ 131(e); Ex. 4, at ¶ 78(a); Ex. 5, at ¶¶ 78(a), (b), (c);

2. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach. Ex. 1, at ¶ 76(e); Ex. 2, at ¶ 86(d); Ex. 3, at ¶ 131(b); Ex. 4, at ¶ 78(e); Ex. 5, at ¶ 78(g);

3. Whether Defendant was negligent in maintaining, protecting, and securing PII and PHI; Ex. 1, at ¶ 76(e)(iii); Ex. 2, at ¶¶ 86(a)-(d), (i); Ex. 3, at ¶ 131(e)-(h); Ex. 4, at ¶ 78(f), (g); Ex. 5, at ¶ 78(e);

4. Whether the Data Breach caused Plaintiff and the Class injuries; Ex. 1, at ¶ 76(e)(v); Ex. 2, at ¶¶ 86(h), (l), (o); Ex. 3, at ¶ 131(b)-(d); Ex. 4, at ¶ 78(i); Ex. 5, at ¶ 78(i); and

5. Whether Plaintiff and the Class are entitled to damages, treble damages, or injunctive relief. Ex. 1, at ¶ 76(e)(vii); Ex. 2, at ¶ 86(l); Ex. 3, at ¶ 131(j); Ex. 4, at ¶¶ 78(k), (l); Ex. 5, at ¶ 78(j), (k), (l).

Additionally, each of the Related Actions defines the same Class of individuals (i.e. persons whose information was compromised by ECL's Data Breach or were sent notices that they were compromised by the Data Breach, Ex. 1, at ¶ 74; Ex. 2, at ¶ 82; Ex. 3, at ¶ 127; Ex. 4, at ¶ 73; Ex. 5, at ¶ 73) and asserts similar claims against ECL, including the core claims of negligence and Negligence *per se*. Thus, the discovery and motion work in the Related Actions is analogous and will overlap. Plaintiff has established the Related Actions involve common questions of law and fact.

These facts also make clear that litigating the Related Actions separately, including separate discovery and motion practice, will be repetitive. This would implicate the logical duplication, expense, and burden on the courts that justify consolidation. The Consolidated Actions, *Solomon Action*, and the *Byers Action* should not be proceeding before three different judges in this District. These factors weigh in favor of consolidation.

### B. The risk of inconsistent adjudication of common factual and legal issues factor weighs in favor of consolidation.

Consolidation will avoid the possibility of inconsistent rulings or judgments. ECL agreed to a motion to stay the Related Actions (*Farley, Sandvig*, and *Forrester*) and did not oppose the motion to consolidate filed in the *Farley* Action. Yet, ECL chose to file a Motion to Dismiss in the *later filed Solomon* Action, despite the nearly identical facts and claims. *See Solomon* Action, Case No. 1:22-cv-00526, Pl. Mot. for Temporary Stay Pending Mot. to Consolidate (ECF Nos. 15, 16) (identifying the similar injuries alleged in the Related Actions). While Plaintiffs will not opine on Defendant ECL's motivations in attempting to advance *only* the *Solomon* Action through a motion to dismiss before Judge Osteen while not attempting to litigate any of the earlier filed cases, the Related Actions all arise directly from the ECL Data Breach, all were brought by members of the same group of patient plaintiffs, and all allege similar negligence and state statutory claims. Again, having three separate actions involving the exact same data breach proceeding before three different judges within this district creates burden and high risk of inconsistent rulings. All of the actions should move forward at the same pace in one consolidated action.

### C. Judicial Economy weighs in favor of consolidation.

The policies of judicial economy favor consolidation. *Dale v. Butler*, No. 7:19-CV-254-BR, 2020 WL 2043808, at *1 (E.D.N.C. Apr. 28, 2020). There are currently at least five Related Actions pending in this district before three different judges. On September 30, 2022, Plaintiff

8

filed the Notice of Related Action in this *Farley* Action, in which Plaintiff identified the *Solomon* Action and the *Byers* Action as related. On October 3, this Court ordered the *Farley* Action, *Forrester* Action and *Sandvig* Action be consolidated for pre-trial purposes. Case No. 1:22-cv-00468-CCE-JLW (ECF. No. 23) ("Consolidation Order").

The Consolidation Order required the parties of other actions, such as the *Solomon* Action, arising out of the same or similar operative facts to consult and promptly file a motion to consolidate in their respective cases as appropriate. *Id.* The Consolidation Order further instructed the parties to file a consolidated complaint by October 19, 2022. The forthcoming Consolidated Complaint will encompass Plaintiff Solomon's and Byers's claims and resolve any minor inconsistencies between the Related Actions. There is no reason to waste judicial resources litigating those cases separately from the others when the others will involve nearly identical issues. Thus, judicial economy supports consolidating the *Solomon* and *Byers* Actions with the Consolidated Actions.

### D. There is no prejudice or risk of confusion.

North Carolina federal district courts identify two reasons why a motion to consolidate might be denied. *See Pariseau,* 2006 WL 325379, at *2 (identifying "prejudice to parties" and "juror confusion" as reasons a motion to consolidate could be denied). Neither exist here. First, Defendant will not suffer prejudice from consolidation. Three cases against Defendant have already been consolidated in this District. Thus, moving forward under the umbrella of one action is beneficial, not prejudicial, to ECL and Plaintiffs.

Furthermore, ECL may point to its expenses and time filing a motion to dismiss in the *Solomon* Action. However, this cannot be a prejudice. With full knowledge that Plaintiffs filed the Motion to Consolidate on August 2, 2022, which plainly encompassed the *Solomon* action, and

9

with agreement to stay cases pending a ruling on the Motion to Consolidate, Defendant ECL filed a motion to dismiss on August 18, 2022. Notably, Defendant ECL has not filed a motion to dismiss in, or attempted to advance at all, any other related action to date, including the three Consolidated Actions that were filed *prior to* the *Solomon* Action. When counsel for Plaintiff Solomon asked counsel for ECL to consent to stay pending the *Farley* Plaintiffs' Motion to Consolidate, which embraces this action, ECL counsel refused. Again, however, Defendant ECL made that effort with full knowledge of the Motion to Consolidate, which it knew would cover the present action and potentially moot its motion, and its agreement to stay the prior filed cases pending a ruling on that motion. ECL's strategic decisions to try to advance one case before a particular court does not amount to its prejudice.

Also, there can be no potential juror confusion at this stage of the proceedings. This Court's Consolidation Order only presently consolidated the Consolidated Actions (*Farley, Forrester,* and *Sandvig*) for pre-trial proceedings. It is premature to determine whether the consolidation will have any impact on a future trial. In sum, there is no prejudice to Defendant and no risk, at this time, of potential confusion to a jury.

### IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiff respectfully requests the Court enter an Order pursuant to Rule 42 consolidating the Related Actions against ECL.

Dated: October 5, 2022

Respectfully submitted,

<u>*/s/ Gary M. Klinger*</u>
Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-252-0878
gklinger@milberg.com

10

Jean S. Martin
NC 25703
Francesca Kester*
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 559-4908
jeanmartin@ForThePeople.com
fkester@ForThePeople.com

Gary E. Mason
gmason@masonllp.com
Danielle L. Perry*
dperry@masonllp.com
Lisa A. White
lwhite@masonllp.com
**MASON LLP**
5101 Wisconsin Ave. NW Ste. 305
Washington DC 20016
Phone: 202.640.1160
Fax: 202.429.2294

*pro hac vice applications*

*Counsel for Plaintiffs and the Class*

11

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 5, 2022 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Gary M. Klinger*
Gary M. Klinger
